UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLES R. CRUTCHER, JR., ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-5273** |
| **FIDELITY NATIONAL INSURANCE COMPANY, ET AL** | **SECTION: "C" (4)** |

## ORDER

Before the Court is a **Motion to Compel and for Contempt (doc.#10)** filed by the plaintiffs, Charles R. Crutcher Jr., and Nicole Elizabeth Crutcher seeking an order compelling a non-party, Rimkus Consulting Group, to provide documents in response to a subpoena duces tecum as well as an order holding Rimkus in contempt for failing to comply with the subpoena. The defendant, Fidelity National Insurance Company, and Rimkus filed opposition memoranda.

Rimkus also filed a **Motion and Incorporated Memorandum for Expedited Hearing of Motion to Quash; Motion for Protective Order; and Objections to Plaintiffs' December 14, 2006 Subpoena for the Production of Documents (doc. #20)**. The motion to expedite is granted.

**I.     Background**

The Crutchers filed this suit against Fidelity National Insurance Company alleging that their property located at 36106 Highway 90, New Orleans, Louisiana received flood damage. They contend that their property was insured by Fidelity but that the adjuster understated the damages.

They further contend that they provided a proof of claim to Fidelity but that Fidelity failed to completely pay them for their losses. They seek payment for all their losses as well as recovery under Louisiana's bad faith statute.

Fidelity answered and indicated that it satisfactorily paid $56,815.00 for building damages and $5000.00 for contents and that it had complied with its contractual obligations. It indicated that the policy limits were $180,000.00 for the building and $5000.00 for contents.

On December 15, 2007, the Crutchers served a subpoena on Rimkus Consulting Group seeking, among other things, all documents concerning the hurricane damage evaluation performed by Rimkus on the Crutcher's house. According to the Cructchers, Fidelity hired Rimkus to inspect and estimate the damage to their property. The subpoena had a return date of January 8, 2007. Rimkus did not respond to the subpoena and on January 12, 2007, the Crutchers filed the subject motion to compel.

## II.     Standard of Review

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged that is relevant of the claim or defense of any party." The discovery rules are accorded a broad and liberal treatment to effect their purpose of adequately informing litigants in civil trials. *Hebert v Lando,* 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Further, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

## III.    Analysis

The Crutchers contend that Rimkus failed to timely object to the subpoena and that it is in

2

contempt of a valid subpoena.  It also contends that although Fidelity and Rimkus contend that the subpoena was not valid because it was issued prior to holding a Rule 26(f) conference, the prohibition in Rule 26(d) is not applicable to subpoenas.  They finally contend that if the Court concludes that subpoenas cannot issue prior to a Rule 26(f) conference, then they held such a conference by two separate letters sent between counsel for the Crutchers and counsel for Fidelity.

Fidelity contends that the Rule 26(d) prohibition applies to subpoenas issued to non-parties and that no Rule 26(f) conference has been held.  Thus it contends that the subpoenas are improper.  It further contends that the letters sent between counsel cannot be construed as a Rule 26(f) conference.

Rimkus contends that the subpoena was invalid because it: (1) was issued prior to a Rule 26(f) conference; (2) did not have the required attendance fee; and (3) did not properly name a party and was not delivered to a proper agent for service of process.  It also contends that the information sought is outside the proper scope of discovery and is confidential and protected by privilege.  It further contends that the Crutchers failed to notice it of the subject motion and it was not aware of its existence until January 23, 2007, when counsel for defendant Fidelity National Insurance Company notified counsel for Rimkus.

      A.      <u>**Rule 26(d)**</u>

Rule 26(d) requires that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."  FED. R. CIV. P. 26(d).  While the Cructhers contend that as a "matter of law Rule 26(f) conferences do not apply to non-parties, nor do they apply to subpoenas," it cites no law in support of this position other than the Rule itself.  However, the Court notes that Rule 26(d) does not state that a party may not seek discovery from "any party," it

explicitly states "any source." Thus, the rule itself makes no distinctions between parties and non-parties.

Indeed, the case law is replete with instances of courts requiring that parties seek leave of court and show good cause before issuing subpoenas to non-parties prior to a Rule 26(f) conference. *See e.g. Best Western Int'l, Inc. v. Doe*, CIV.A.06-1537, 2006 WL 2091695, (D. Ariz. July 25, 2006) (concluding good cause exists to subpoena non-party ISP providers to identify John Doe defendants); *Paramount Pictures v. Davis*, CIV.A.05-0316, 2006 WL 2092581 (E.D. Pa. July 26, 2006) (noting that plaintiff was required to seek leave to subpoena non-party prior to Rule 26(f) conference).

The Court concludes that, based on the foregoing, the requirements of Rule 26(d) apply to subpoenas issued to non-parties. Thus, the Court will consider whether the parties had the required conference under Rule 26(f).

**B.** **Rule 26(f)**

Rule 26(f) requires that:

> the parties must . . . confer to consider the nature and basis of the claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Rule 26(a)(1), to discuss any issues relating to preserving discoverable information, and to develop proposed discovery plan that indicates the parties views and proposals concerning:
>
> > (1) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;
> >
> > (2) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues;
> >
> > (3) any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced;

>   (4) any issues relating to claims of privilege or of protection as trial-preparation material, including -- if the parties agree on a procedure to assert such claims after production -- whether to ask the court to include their agreement in an order;
>
>   (5) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and
>
>   (6) any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).

The Crutchers contend that either of two letters were sufficient to meet the requirements of a Rule 26(f) conference. The first letter is dated December 1, 2006, and is from counsel for Fidelity to counsel for the Crutchers. It reads in full:

>   [i]n response to your letter dated November 21, 2006, I am not able to agree to mediation at this time. However, after some initial discovery, if we can't come to an agreement or resolution of this matter, I would be happy to revisit the idea. I look forward to working with you on these matters and please call me if you have any questions.
>
>   The second letter, dated December 21, 2006, is from counsel for the Crutchers to counsel for

Fidelity and reads:

>   I have received your recent voicemail concerning the subpoena directed to Rimkus . . . I don't think a 26(f) conference is necessary since by your letter addressed to me dated December 1, 2006, you indicated that you were desirous of conducting discovery. I consider that to be the Rule 26(f) conference. However, if you would like a 26(f) conference I am scheduling one to be held in my office on Wednesday, December 27, 2006, at 8:30 a.m. Maybe we can eliminate the necessity by conducting the same by phone.

It is not in dispute that the December 27, 2006 conference did not occur as Fidelity did not get the letter until December 28, 2006.

Clearly neither of these letters meet the requirements of Rule 26(f) conference to meet, confer, and develop a discovery plan. Thus, the subpoena issued is invalid. Further, because the

5

Court denied the motion to compel production of documents, the motion to quash and for protective order filed by Rimkus is moot.[1]

Accordingly,

**IT IS ORDERED** that **Motion to Compel and for Contempt (doc.#10)** is **DENIED.**

**IT IS FURTHER ORDERED** that Rimkus's **Motion and Incorporated Memorandum for Expedited Hearing of Motion to Quash; Motion for Protective Order; and Objections to Plaintiffs' December 14, 2006 Subpoena for the Production of Documents (doc. #20)** is **GRANTED**.

**IT IS FURTHER ORDERED** that **NonParty Rimkus' Consulting Group, Inc.'s Motion to Quash; Motion for Protective Order; and Objections to Plaintiffs December 14, 2006 Subpoena for the Production of Documents (doc. #19)** is **DENIED as MOOT**.

New Orleans, Louisiana, this 5th day of February 2007

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The Court will not address Rinkus' remaining arguments because it concludes that the subpoena was void at its issuance..