UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHARLES R. CRUTCHER, JR. AND                CIVIL ACTION
NICOLE ELIZABETH CRUTCHER

VERSUS                                       NO. 06-5273

FIDELITY NATIONAL INSURANCE                  SECTION: "C" (4)
COMPANY

## ORDER AND REASONS

Before the Court is a Motion for Summary Judgment filed by the defendant, Fidelity National Insurance Company ("Fidelity") (Rec. Doc. 9). The plaintiffs, Charles R. Crutcher, Jr. and Nicole Elizabeth Crutcher (collectively, "plaintiffs") oppose the motion. The motion is before the Court on the briefs, without oral argument. Having considered the memoranda of counsel, the record and the applicable law the Court finds that summary judgment is inappropriate at this time.

**I. BACKGROUND**

The plaintiffs had a Standard Flood Insurance Policy ("SFIP") issued by Fidelity, a Write-Your-Own ("WYO") administrator of flood insurance, and regulated by the

Federal Emergency Management Agency ("FEMA") and the National Flood Insurance Act of 1967 ("NFIA"), 42 U.S.C. § 4001-4129.  This policy had a coverage limits of $183,000 for the building and $5,000 for contents.  The plaintiffs' lawsuit arises out of the flooding caused by Hurricane Katrina on or about August 29, 2005.

After the storm, the plaintiffs submitted a claim for benefits under their SFIP to Fidelity.  Fidelity then proceeded to process the claim in accordance with the rules promulgated by FEMA. Fidelity, working with an adjustor, determined that the plaintiffs were entitled to a payment under the policy's building coverage of $56,815.41 and, also, payment under the policy's contents coverage of $5,000.  The insured received two checks for these amounts, one on October 22, 2005 and the other on January 4, 2006.

The plaintiffs were dissatisfied with these payments.  The believed that they were entitled to the policy limits for their SFIP building coverage, or an additional $126,184.59.  As a result, their attorney sent a letter dated July 18, 2006 to Fidelity, along with a construction estimate, in order to inform Fidelity that the previous adjustment of their claim was inadequate.[1]  According to the plaintiffs, Fidelity then procured another estimate of their damages and readjusted their claim, increasing their payment by $3,000.

---

[1] The Court notes that Fidelity denies having received this letter.  The plaintiffs provided certified receipts as part of Exhibit A to their opposition memorandum.  See, Rec. Doc. 24.  However, the Court also notes that there is no receipt signature from Fidelity.

The plaintiffs, still unsatisfied after this second adjustment, filed this lawsuit on August 29, 2006.  Fidelity now moves for summary judgment alleging that the plaintiffs claims must be dismissed because they failed to comply with the requirements for filing suit under a SFIP.  The plaintiffs argue that summary judgment is inappropriate because they substantially complied with the requirements and that summary judgment is, at best, premature because there has not been any discovery.

## II. STANDARD OF REVIEW

Summary judgment is only proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56.  A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 247-48 (1986); see also *Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001).  When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion."  *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the

record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995). In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations." *See Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994); *Lujan v. Nat'l. Wildlife Fed'n.*, 497 U.S. 871, 871-73 (1990); *Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir. 1992).

**III. ANALYSIS**

The National Flood Insurance Program ("NFIP") was established by the NFIA, 42 U.S.C.§ 4001-4129. It is intended to be a unified national program for providing flood insurance. It is underwritten by the United States Treasury and administered by FEMA. *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 386 (5th Cir. 2005). Under its regulatory authority, FEMA developed the SFIP and the WYO program, which authorizes private insurance companies to issue SFIPs. Although the private insurance agencies issue the SFIPs, they are acting as fiscal agents of the United States. 42 U.S.C. § 4071(a)(1). As mentioned above, Fidelity, is a WYO program carrier authorized to issue SFIPs under

its logo. Although WYO's are authorized to arrange for the adjustment, settlement payment and defense of claims arising from SFIPs, they are not able to alter, amend or waive any of the provisions of an SFIP. See, 42 U.S.C. § 4071; 44 C.F.R. § 61.13(d) (2006). The Federal Insurance Administrator ("FIA") has the exclusive authority to alter, amend or waive any of the SFIP provisions and any waiver must be express and in writing. 44 C.F.R. § 61.13(d) (2006).

Strict adherence to the SFIP proof of loss provisions is a prerequisite to recovery under any SFIP. See, *Forman v. FEMA*, 138 F.3d 543 (5th Cir. 1998); *Gowland v. Aetna*, 143 F.3d 951 (1998); *Wright*, 415 F.3d at 387-88. Under 44 C.F.R. § 61, app. A(2), art. VII(J)(4), proof of loss must be submitted within sixty (60) days of the loss, unless there is an express and written waiver. This proof of loss must meet certain requirements. It must provide FEMA with: (a) the date and time of the loss; (b) a brief explanation of how the loss happened; (c) the claimants' and others' interests in the damaged property; (d) details of any other insurance that may cover the loss; (e) changes in title or occupancy of the covered property during the term of the policy; (f) specifications of damaged buildings and detailed repair estimates; (g) the names of mortgagees or anyone else having a lien, charge, or claim against the insured property; (h) details about who occupied any insured building at the time of the loss and for what purpose; and, (i) the inventory of damaged personal property. 44 C.F.R. § 61, app. A(2), art. VII(J)(4). The

issues before this Court are whether the proof of loss requirement was waived and, if it was not, whether the plaintiffs complied with it.

The plaintiffs contend that on August 31, 2005 the FIA, David I. Maurstad ("Maurstad"), issued an express and written waiver of the proof of loss requirement for the claims arising from Hurricane Katrina. Alternatively, the plaintiffs assert that their claims should not be dismissed because they substantially complied with the proof of loss requirement. Fidelity, on the other hand, asserts that the August 31, 2005 letter only extended the time for filing the proof of loss and that the plaintiffs did not meet all of the requirements.

Maustad's August 31, 2005 letter reads:

> **Subject:    Waiver of the Proof of Loss requirement in the Standard Flood Insurance Policy (SFIP)**
>
> Recently, a number of States experienced catastrophic losses as a result of Hurricane Katrina. As a result, there may be a shortage of qualified adjusters available to adjust the losses resulting from this hurricane. So, there is an urgent need to expedite claims payments to policyholders.
>
> To expedite claims payments so that policyholders affected by these circumstances are not subject to undue hardship, I am waiving the requirement in VII.J.4 of the SFIP Dwelling and General Property Forms and VIII.J.4 of the SFIP Residential Condominium Building Association Policy Form for the policyholders to file a proof of loss prior to receiving insurance proceeds. Instead, payment of the loss will be based on the evaluation of damage in the adjuster's report. This means the requirement in VII.M.1 and VIII.M.1 that

losses will be payable 60 days after the insurer receives the policyholder's proof of loss (or within 90 days after the adjuster files a report signed and sworn to by the policyholder in lieu of a proof of loss) will not apply. Instead, the loss will be payable as soon as practicable after the insurer receives the adjuster's report. This procedure will allow the insurer to promptly adjust, settle, and pay claims based on the adjuster's report. Also, under the terms of this waiver, the following sections will not apply: VII.J.7, J.9 and M.2.c of the SFIP Dwelling and General Property Forms and VIII.J.7, J.9 and M.2.c of the SFIP Residential Condominium Building Association Policy Form.

<u>In the event a policyholder disagrees with the insurer's adjustment, settlement, or payment of the claim</u>, a policyholder **may** submit to the insurer a proof of loss within one year from the date of the loss. <u>The proof of loss must meet the requirements of VII.J.4 of the SFIP Dwelling or General Property Form or VIII.J.4 of the SFIP Residential Condominium Building Association Policy Form</u>. The insurer will then process the policyholder's proof of loss in its normal fashion. If the insurer rejects the proof of loss in whole or in part, the policyholder may file a lawsuit against the insurer within one year of the date of the written denial of all or part of the claim as provided in VII.R of the SFIP Dwelling or General Property Form or VIII.R of the SFIP Residential Condominium Building Association Polciy Form.

For example, a policyholder who suffered a flood loss from Hurricane Katrina on August 23, 2995, and disagrees with the insurer's decision based on the adjuster's report has until August 22, 2006, to file the proof of loss detailing the area(s) of disagreement.

This waiver is pursuant to the provisions dealing with amendments, waivers, and assignments of the SFIP (VII.D. of the SFIP Dwelling Form and General Property Form and

>VIII.D. of the SFIP Residential Condominium Building
>Association Policy Form). Since potential adjuster
>availability problems affect not only the claims from
>Hurricane Katrina, but also any other flood events that may
>occur while the adjustment of claims from Hurricane Katrina
>is ongoing, this waiver applies to all claims arising on
>August 23, 2005, and thereafter until December 31, 2005.

(emphasis added).

In *Shuford v. Fidelity Naitonal Property and Casualty Insurance Co.*, Civil Action No. 05-0583 (S.D.Al. 12/18/06) the court construed the same language in a letter from David I. Maustad that pertained to the 2004 hurricane season. The *Shuford* court found that the third paragraph, which establishes a policyholder's course of action in the event that he or she disagrees with the adjustment, settlement, or payment of his or her claim, used the word "may" to provide a policyholder in disagreement with the adjuster's decision the *opportunity* either to file a proof of loss in an effort to obtain further benefits under a policy, or to choose not to challenge it. The court reasoned that Maustad did not choose to use the word "must" because the FIA did not intend to require any policyholder in disagreement to file a proof of loss to contest the adjuster's decision, but rather, allow the policyholder to do so if he or she chose.

Furthermore, the *Venderveen, et. al. v. Allstate Ins. Co.*, Civil Action No. 05-0469 (N.D.Fl.1/29/07) court came to the same conclusion about the language in question. In that case, the court said that, when looking at the document as a whole, the "reasonable

interpretation of the provision suggests that the word 'may' was used in paragraph three to connote that policyholders who disagreed with an adjuster's evaluation had a choice: they could either challenge the adjuster's evaluation of loss, or they could accept - albeit in disagreement - the adjuster's evaluation, in which case no proof of loss was required." *Id.* The court also noted that paragraph three provided that the proof of loss must meet all of the standard SFIP requirements provided in VII.J.4 of the SFIP Dwelling or General Property Form as codified in 44 C.F.R. Pt. 61, App. A(1).

The plaintiff argues that these precedents are not binding and that reading the word "may" as allowing a proof of loss, but not requiring one, to contest the adjuster's decisions is the proper way to read the letter. As stated above, the NFIA was intended to create a uniform body of federal law regarding flood insurance. This Court concludes that, although the time for providing it was extended, a proof of loss that complied with all of the requirements of 44 C.F.R. § 61, app. A(2), art. VII(J)(4) was required to contest the adjuster's decision. Thus, the Court finds that the plaintiffs were required to provide a proof of loss that conforms to all of the requirements found in 44 C.F.R. Pt. 61, App. A(1) within one year of the date of their loss.

In this regard, the plaintiffs assert that their attorney's letter to Fidelity dated July 18, 2006 constituted an adequate proof of loss. In this letter, the plaintiffs' attorney stated that a contractor estimated the repair costs of the plaintiffs' property to be

$227,000. He also pointed out that the plaintiffs' policy limit for buildings was $183,000 and that, as of that date, Fidelity had only paid the plaintiffs $56,815.41 in insurance proceeds. Finally, the plaintiffs' attorney demanded that Fidelity pay the remainder of the policy limits.

Fidelity points out that this letter did not meet all of the requirements of 44 C.F.R. Pt. 61, App. A(1). Specifically, the letter does not include **any** of the information specifically required by 44 C.F.R. § 61, app. A(2), art. VII(J)(4). Also, it is not sworn by the plaintiffs.

According to the plaintiffs, this letter should suffice as a proof of loss because it substantially complied with the requirements of 44 C.F.R. Pt. 61, App. A(1). However, substantial compliance is not sufficient. See, *Forman*, 138 F.3d at 545-46; *Gowland*, 143 F.3d at 955. Furthermore, the Fifth Circuit has found that a proof of loss must be sworn to satisfy the proof of loss rule. *Forman*, 138 F.3d at 545-46. As stated above, the July 18, 2005 letter to Fidelity from the plaintiffs' attorney did not meet all of the requirements. Since substantial compliance does not suffice, the Court finds that the plaintiffs failed to meet the proof of loss prerequisite to recover under their SFIP.[2]

---

[2] The plaintiffs argue that they should not be held responsible for the contents of Maustad's August 31, 2005 letter because they were not aware of it until August 25, 2006. However, this argument is unpersuasive. A person seeking federal funds, such as a person claiming SFIP benefits, is obligated to familiarize him or herself with the legal requirements for the receipt of such funds. See, *Wright,* 415 F.3d at 389 (citing, *Heckler v. Cmt. Heath Services of Crawford County, Inc.*, 467 U.S. 51, 63, 104 S.Ct. 2218, 81

Ordinarily, the plaintiffs' failure to meet the proof of loss requirement would completely preclude their recovery. However, the Court is concerned about the plaintiffs' claim that FEMA may have given them a special waiver of the proof of loss requirement. The plaintiffs point out that they received a letter from Fidelity dated August 25, 2006, in which Fidelity says that "[a]ll claims received after the one year deadline will be reviewed and submitted to FEMA for a waiver of [the proof of loss] requirement." Rec. Doc. 24, Ex. E. The plaintiffs further assert that there has been no discovery in this case, so they are unable to determine whether Fidelity ever submitted their claim to FEMA for waiver of the requirement. Thus, due to the lack of discovery on the specific issue of whether or not Fidelity submitted the plaintiffs' claim to FEMA for a special waiver, the Court finds that summary judgment is premature.

## IV. CONCLUSION

Accordingly,

IT IS ORDERED that Fidelity's Motion for Summary Judgement is hereby **DENIED**.

---

L.Ed.2d 42 (1984)). Thus, without knowledge of the express and written partial waiver that extended the time for filing a proof of loss, the plaintiffs should have been aware that they were obligated to provide a proof of loss within 60 days after their loss.

New Orleans, Louisiana this 9th day of April, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE